UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT J. GOLDSTEIN,

        Plaintiff,

vs.                      Case No. 5:11-cv-174-Oc-34MCR

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 10) filed May 2, 2011. Plaintiff seeks an order striking Defendant's Second Affirmative Defense as legally insufficient. (Doc. 10, p. 2). Defendant's Second Affirmative Defense states in its entirety that "the Plaintiff's claim for benefits is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001 et. seq." (Doc. 7).

      Fed. R. Civ. P. 12(f) states that upon motion made by a party within 21 days after being served with the pleading, the court may strike from the pleading any insufficient defense. An affirmative defense should be stricken when it is insufficient as a matter of law. Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834 (S.D. Fla. 2007). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Larson v. Correct Craft, Inc., 2005 WL 1902438, at *1 (M.D. Fla. 2005).

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002).  Therefore, a defendant must plead an affirmative defense with enough specificity or factual support to give the plaintiff "fair notice" of the defense that is being asserted.  See Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint.").

In support of his Motion to Strike Defendant's Second Affirmative Defense, Plaintiff argues,

> Although Defendant states that Plaintiff's breach of contract claims are governed by ERISA, Defendant does not plead the specific elements of ERISA applicability or provide any factual support whatsoever.  Therefore, if Defendant intends to pursue this defense it will need to plead some factual basis to give Plaintiff fair notice of its defense.

(Doc. 10, p. 3).  On May 5, 2011, Defendant elected to respond to the issues raised in Plaintiff's Motion by amending its answer as provided under Fed. R. Civ. P. 15(a)(1)(B).  See (Docs. 11, 12).  Defendant's Amended Answer and Affirmative Defenses pleads a factual basis for its second affirmative defense.  See (Doc. 11, pp. 3-4).  Therefore, the issues raised in Plaintiff's Motion have been addressed.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of May, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record